UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00172-LLK

REBECCA JEAN MARINAN                                                                                           PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claims for Social Security disability benefits.  The fact and law summaries of Plaintiff and the Commissioner are at Doc. 20 and Doc. 26.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 14].

Plaintiff makes two arguments.  Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

Plaintiff filed claims for Social Security disability benefits under Title II (Disability Insurance Benefits (DIB)) and Title XVI (Supplemental Security Income (SSI)) of the Social Security Act. [Administrative Record, Doc. 13 at 15].  Plaintiff alleges that she became disabled on February 28, 2015, and she was found to be last insured for Title II benefits on December 31, 2017.  *Id.* at 15, 17.  The ALJ denied both claims, finding that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 28, 2015, through the February 28, 2020 decision date.  *Id.* at 29.

In concluding that Plaintiff is not disabled, the ALJ followed the 5-step sequential evaluation process, which applies in all Social Security disability cases.  First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 28, 2015.  [Doc. 13 at 17].  Second, the ALJ found

that Plaintiff suffers from severe, or vocationally significant, carpal tunnel syndrome (CTS) and that she suffers from the following severe mental impairments:  schizophrenia, bipolar disorder, and cannabis use disorder.  *Id.*  Third, the ALJ found that Plaintiff's medically determinable impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 20.

As in any case that advances beyond step 3, the ALJ determined Plaintiff residual functional capacity (RFC).  The ALJ found that, notwithstanding her severe CTS, Plaintiff can "perform a full range of work at all exertional levels … [except she is] limited to frequent [as opposed to constant] handling and fingering bilaterally."  [Doc. 13 at 22].  The ALJ found that, notwithstanding her mental impairments, Plaintiff can:

> … perform simple routine repetitive tasks, can sustain concentration, persistence, and pace to complete those tasks requiring little or no judgment and involving minimal variation in two hour segments throughout the day, can frequently interact with co-workers and supervisors, can occasionally interact with the general public, and can adapt to routine changes in the workplace and recognize hazards.

*Id.* at 22.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 27.  Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of jobs in the national economy such as sorter, bench assembler, and router.  *Id.* at 28.

**The ALJ's finding of non-severe migraines was, at worst, harmless error.**

The ALJ found that there is no evidence that Plaintiff's "history of migraine headaches caused any significant limitation in the claimant's ability to perform basic work activities and concludes this condition is not 'severe' within the meaning of the Regulations."  [Doc. 13 at 20].  Plaintiff's first argument is that the ALJ "errs in not finding migraine headaches to be a 'severe' impairment."  [Doc. 20 at PageID.1130].  As discussed in greater detail below, the ALJ's finding of non-severe migraines at step 2 of the sequential evaluation process was, at worst, harmless error because the ALJ advanced the process advanced beyond

step 2 and, in determining Plaintiff's RFC, the ALJ considered the limiting effects of her severe and non-severe impairments as a whole (including her migraines).

The Sixth Circuit has repeatedly explained that "'[t]he fact that some of [a claimant's] impairments were not deemed to be severe at step two is … legally irrelevant' where other impairments are found to be severe." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020) (quoting *Anthony v. Comm'r*, 266 F. App'x 451, 457 (6th Cir. 2008)).  This is because, "[w]hen an ALJ determines that one or more impairments is severe, the ALJ 'must [in determining a claimant's RFC] consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe.'"  *Fisk v. Comm'r*, 253 Fed. Appx. 580, 583 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5).

In this case, the limitations and restrictions likely imposed by Plaintiff's migraines included some degree of absenteeism from work and/or being off task while at work.  The vocational expert (VE) testified that the limit of tolerance of most employers would be missing two days per month and being off task ten percent of the workday.  [Doc. 13 at 67-68].  In determining Plaintiff's RFC, the ALJ considered Plaintiff's migraine treatment records, including a normal brain MRI [magnetic resonance image] and a normal EEG [electroencephalogram], a lack of evidence of a specific work-related restriction assigned by any medical source due to migraines, and a lack of evidence of migraine symptoms persisting (at a disabling level) for a "continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A).  *Id.* at 19-20.  The ALJ observed that David Koury, M.D., uncritically noted Plaintiff's allegations of symptom frequency.  *Id.*  The ALJ was not, however, required to treat these notes as medical opinions or fully credit Plaintiff's allegations.  *See Francis v. Comm'r*, 414 Fed. App'x 802, 804 (6th Cir. 2011) (The physician's statement "is not a 'medical opinion' at all—it merely regurgitates [the patient's] self-described symptoms.").  The ALJ found that, while Plaintiff's migraines are capable of causing pain and other subjective symptoms, treatment has been sporadic and conservative, and she is not as limited as alleged.  *Id.* at 20, 22, 24.  Therefore, the ALJ's finding of non-severe migraines was, at worst, harmless error.

**The ALJ did not, in evaluating Plaintiff's CTS, improperly "play doctor."**

The ALJ found that Plaintiff suffers from severe, or vocationally significant, carpal tunnel syndrome (CTS), which limits her to frequent (as opposed to constant) handling and fingering bilaterally. [Doc. 13 at 17, 22].  Plaintiff's second argument is that, in finding that she can frequently handle and finger, the ALJ improperly "succumb[ed] to the temptation to play doctor and make [her] own independent medical findings."  [Doc. 20 at PageID.1132 quoting *Simpson v. Comm'r*, 344 F. App'x 181,194 (6th Cir 2009)].  As discussed in greater detail below, the ALJ's evaluation of Plaintiff's CTS was not an example of improperly "playing doctor" but rather a reasonable evaluation of evidence of a new impairment that arose late in the disability evaluation process.

"There will always be a gap between the time the agency experts review the record and give their opinion ... and the time the hearing decision is issued."  *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009).  Where the "consulting or examining physician … did not have the opportunity to review later-submitted medical records," it is generally sufficient that "there is 'some indication that the ALJ at least considered these facts.'"  *Spicer v. Comm'r*, 651 F. App'x 491, 493-94 (6th Cir. 2016) (quoting Blakley v. Comm'r, 581 F.3d 399, 409 (6th Cir. 2009)).

In this case, in April 2019, the Commissioner's non-examining program physician, Kip Beard, M.D., reviewed Plaintiff's medical records and found no evidence of significant physical impairment or limitation.  [Doc. 13 at 102].  There is no mention of CTS.  *Id.*  In May 2019, Plaintiff sought emergency treatment for pain and swelling in her hands and forearms (bilaterally).  *Id.* at 25.  In November 2019, Plaintiff underwent median nerve decompression of the right wrist, and she reported that her hand pain improved in the following weeks.  *Id.* at 26, 920, 933.  In February 2020, when the ALJ issued her decision, it was unclear whether Plaintiff's CTS symptoms would persist (at a disabling level) for a "continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ, however, gave Plaintiff the "benefit of the doubt" [Doc. 13 at 26], reviewed the later-submitted medical records pertaining to her CTS,

including EMG (electromyography) testing and decompression surgery, and found a lack of evidence that the CTS would preclude frequent handling and fingering bilaterally. *Id.* at 17, 22, 26, 781. In so finding, the ALJ did not improperly "play doctor."

## Order

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

February 18, 2022

Lanny King, Magistrate Judge
United States District Court